# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**KRYSTAL BRYANT**, **LAURA GONZALEZ**,
**KAYLA MCTAGGERT**, **KATIE MACINNIS**,   Case No. 2:16-cv-12639
**LESLIE TINDALL**, **SUSAN WISNIEWSKI**,
and **IRENE LANGAS**,

        Plaintiffs,                District Judge
v                                 Hon. Avern Cohn

**OMNI HEALTHCARE MANAGEMENT**
**CORP.**, **OMNI HOME CARE, INC.**,   Magistrate Judge
**OMNI HOME CARE OF OHIO, INC.**,   Hon. Elizabeth A. Stafford
**SWARUP SAHA**, and **RESHMI SAHA**
Jointly and Severally,

        Defendants.

---

**MILLER COHEN, P.L.C.**
Bruce A. Miller (P17746)
Richard G. Mack Jr. (P58657)
Adam M. Taub (P78334)
*Attorneys for Plaintiffs*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226-0840
(313) 964-4454 Phone
(313) 964-4490 Fax
richardmack@millercohen.com
adamtaub@millercohen.com

**GASIOREK, MORGAN, GRECO,**
**MCCAULEY & KOTZIAN, P.C.**
David F. Greco (P53523)
Ahmad A. Chehab (P75560)
*Attorneys for Defendants*
30500 Northwestern Highway, #425
Farmington Hills, MI 48334
(248) 865-0001 Phone
(248) 865-0002 Fax
dgreco@gmgmklaw.com
achehab@gmgmklaw.com

---

## AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Class representative Krystal Bryant has a pending action against the same Defendants regarding her discharge in the Eastern District of Michigan. That action is 2:16-cv-12635-AC-EAS and is assigned to Judge Avern Cohn. One of Ms. Bryant's claims in that case involves

retaliation for complaining about the conduct alleged in this complaint. There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in this Compliant.

**NOW COME** Plaintiffs, **KRYSTAL BRYANT**, **LAURA GONZALEZ**, **KAYLA MCTAGGERT**, **KATIE MACINNIS**, **LESLIE TINDALL**, **SUSAN WISNIEWSKI**, and **IRENE LANGAS** on behalf of themselves and all similarly situated persons, known or unknown, by and through their attorneys, **MILLER COHEN, P.L.C.**, and for their Complaint against Defendants, **OMNI HEALTHCARE MANAGEMENT CORP.**, **OMNI HOME CARE, INC.**, **OMNI HOME CARE OF OHIO, INC.**, **SWARUP SAHA**, and **RESHMI SAHA**, state as follows:

## INTRODUCTION

This is an FLSA collective action brought on behalf of individuals who were employed by Defendants Omni Healthcare management Corp., Omni Home Care, Inc., Omni Home Care of Ohio, Inc. (collectively referred to as "Omni"), Swarup Saha, and Reshmi Saha.  In violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Defendants failed to pay their workers overtime pay and made impermissible deductions from the pay of salaried workers.

Defendants had a policy of deducting thirty minutes of pay from all hourly employees for lunch breaks, whether the breaks were actually taken or not. Most of Defendants' employees worked through their lunch breaks but still had a half-hour

of time deducted each day from their pay-checks. Additionally, Defendants had a policy of characterizing two fifteen-minute breaks as a lunch break, even when those breaks were not taken consecutively. By illegally deducting this work time from Plaintiffs' pay, Plaintiffs were illegally denied pay for time that would have exceeded 40 hours per week. Defendants also had a policy of not paying for **any** hours worked in excess of 40 per week that were not pre-approved. Plaintiffs Kayla McTaggert, Katie MacInnis, Leslie, Tindall, Irene Langus, and all similarly situated hourly employees did not receive any pay for their work in excess of forty in any given work week.

Defendants also applied these policies to their salaried employees. It was Defendants' policy to require salaried employees to always work at least forty hours per week, exclusive of lunch breaks, which were deducted from the salaried employees' time whether they were actually bona fide lunch breaks or not. If salaried employees worked less than forty hours in any given week, Defendants would reduce their pay by paying them an effective hourly rate determined by dividing their normal salaried weekly rate by forty hours. Defendants would not pay salaried employees more money if they worked in excess of forty hours per week. It was typical for salaried employees to work in excess of forty hours per week. These policies affected the pay of Plaintiffs Krystal Bryant, Laura Gonzalez, Susan Wisniewski and all similarly situated salaried employees.

3

Plaintiffs now bring this FLSA collective action on behalf of a class of similarly situated individuals, known and unknown, who were employed by Defendants and were deprived of overtime pay. This includes hourly employees who were deprived of overtime pay when they did not receive a bona fide lunch break but still had a half hour of pay deducted from their wage, hourly employees who were not paid at all for working overtime hours when it was not pre-approved, and salaried employees who were not paid their full salaries whenever they failed to work forty (40) hours in any workweek regardless of the reason.

## PARTIES

1.    Plaintiff Krystal Bryant is a resident of Garden City, Michigan, who was employed by Defendants as a Quality Assistant Nurse, Director of Nursing, and Director of Clinical Operations from December 2013 until February 23, 2016.

2.    Plaintiff Laura Gonzalez is a resident of Commerce Township, Michigan, who was employed by Defendants as the Corporate Human Resources Manager from October 12, 2015 to December 8, 2015.

3.    Plaintiff Kayla McTaggert is a resident of Taylor, Michigan, who was employed by Defendants as an Intake Coordinator and Receptionist and then Medical Biller from April 2014 to July 2015.

4.     Plaintiff Katie MacInnis is a resident of Farmington Hills, Michigan, who was employed by Defendants in their Billing Department from May 11, 2015 to December 29, 2015.

5.     Plaintiff Leslie Tindall is a resident of Livonia, Michigan, who was employed by Defendants from November 2012 through January or February 2016. She was initially hired as a Tracker and eventually became Assistant Administrator.

6.     Plaintiff Susan Wisniewski is a resident of Wyandotte, Michgan, who was employed by Defendants as a QA Nurse and Director or Nursing from 2012 until August 2016.

7.     Plaintiff Irene Langus is a resident of Novi, Michigan, who was employed by Defendants as an Intake Coordinator from September 2011 through June 2015.

8.     Defendant Omni Healthcare Management Corp. is a company with its principal place of business in Farmington Hills, Michigan.

9.     Defendant Omni Home Care, Inc. is a company with its principal place of business in Farmington Hills, Michigan.

10.     Defendant Omni Home Care of Ohio, Inc. is a company with its principal place of business in Farmington Hills, Michigan.

11.     Defendants Omni Healthcare management Corp., Omni Home Care, Inc., Omni Home Care of Ohio, Inc. are collectively referred to herein as "Omni." Omni were joint employers of Plaintiffs and similarly situated employees because they maintained sufficient control over the essential terms and conditions of their employment, including but not limited to having a common Human Resources Department, employment policies, and management structure.

12.     Defendant Swarup Saha is a resident of Novi, Michigan and, upon information and belief, the owner and President of Omni. At all relevant times Mr. Saha exercised control over Omni's operations and possessed the power to hire and fire employees, determine employee Work terms and conditions, control the corporation's financial affairs and compensation practices (including the policy of denying Plaintiffs and similarly situated employees' wages due under the FLSA), and control significant aspects of the corporation's day-to-day functions.

13.     Defendant Reshmi Saha is a resident of Novi, Michigan and, upon information and belief, a co-owner of Omni. At all relevant times Ms. Saha exercised control over Omni's operations and possessed the power to hire and fire employees, determine employee Work terms and conditions, control the corporation's financial affairs and compensation practices (including the policy of denying Plaintiffs and similarly situated employees' wages due under the FLSA), and control significant aspects of the corporation's day-to-day functions.

6

14.    Plaintiffs Kayla McTaggert and Katie MacInnis, bring this action on their own behalf and on behalf of others similarly situated, including all individuals in the States of Michigan and Ohio who may choose to opt-in to this action, who were employed by Defendants to perform work on an hourly basis, and who were deprived of overtime pay under the Fair Labor Standards Act ("FLSA").

15.    Plaintiffs Krystal Bryant and Laura Gonzalez bring this action on their own behalf and on behalf of others similarly situated, including all individuals in the States of Michigan and Ohio who may choose to opt-in to this action, who were employed by Defendants to perform work on a salary basis, and who were deprived of overtime pay under the Fair Labor Standards Act ("FLSA") when Defendants treated them as hourly employees by deducting wages for hours worked less than forty in a week.

16.    Similarly situated individuals may choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.    This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs bring their claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.*

18.     The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The pendant claims are part of the same case or controversy.  They do not substantially predominate.  They do not raise novel or complex issues.  Therefore, exercise of jurisdiction is proper.

19.     Venue is proper in this Court because Omni obligated itself to the Plaintiffs within Michigan, and Omni's headquarters is located within the Eastern District of Michigan, Plaintiffs reside within the Eastern District of Michigan, and, upon information and belief, Defendants Swarup Saha and Reshmi Saha reside within the Eastern District of Michigan.

## STATEMENT OF FACTS

20.     Omni is a Medicare certified home health agency that provides a wide range of nursing care and therapy solutions, with services available year-round including holidays.

21.     To provide those services, Defendants employ nurses and administrative staff who are paid on an hourly basis ("Hourly Workers").

22.     Defendants also employ managerial workers who are paid on a salary basis ("Salaried Workers").

23.     Defendants have a policy of tracking the time of all of its employees.

24.     This includes requiring employees to track their breaks.

25.     Most of Defendants' employees work through their lunch breaks.

26.     Nonetheless Defendants' policy is to **always** deduct thirty minutes from **all** employees' pay per day regardless of whether employees actually clocked in and out for lunch or whether employees actually were given a full thirty minute period in which they performed no work.

27.     Defendants also have a policy of combining breaks that last under thirty minutes to total thirty or more minutes in order to characterize these breaks as unpaid "lunch breaks."

28.     Furthermore, Defendants have a policy for not paying for **any** work in excess of forty hours in any work week unless the time is pre-approved by Defendants.

29.     For Salaried Workers, these same policies are used to determine the actual number of hours worked. If the actual number of hours worked are less than 40 in any given week, Salaried Workers have their weekly wages reduced based on an effective hourly rate determined by dividing their normal salaried weekly rate by forty hours.

30.     Defendants had a policy of requiring Salaried Workers to work at least forty hours per week, but sometimes, Salaried Workers did not work at least forty hours in a week.

31.     Salaried Workers were not paid additional monies on top of their normal salaried weekly rate if they worked in excess of forty hours in any given week.

32.     Plaintiffs notified Defendants that these policies violate the Fair Labor Standards Act, but Defendants did not modify *any* of these policies.

33.     On information and belief, Defendants did not keep accurate records of the hours of the lunch breaks deducted from the employees' hours.

34.     On information and belief, Defendants followed, and continues to follow, the practices described above.

35.     Defendants failed to pay workers their full wage, and failed to pay for all hours worked, resulting in wages that were not paid at time and a half for hours worked over forty in a week.

36.     For certain times and job assignments, Defendants did not pay Plaintiffs at all.

**Krystal Bryant**

37.     Plaintiff Krystal Bryant began working at Omni in in or about December 2013 as a Quality Assurance Nurse.

38.     For this work, Ms. Bryant received a salary.

39.     In or about June 2014, Ms. Bryant left Omni as a full-time employee but began doing work as an independent contractor and was paid on a piece-meal basis.

40.     In or about May 2015, Ms. Bryant was re-hired as an employee by Omni as a Quality Assurance Nurse. She was paid a salary for that work.

41.     Upon her re-hire, Ms. Bryant continued doing the work she had performed as an independent contractor from home outside of her normal work hours. Defendants continued paying Ms. Bryant a piece-meal rate for this work but began reporting Ms. Bryant's wages on a W-2 instead of a 1099.

42.     In or about October 2015, Ms. Bryant was promoted to the Director of Nursing and Director of Clinical Operations.

43.     She continued receiving a salary and managed work for all of Omni.

44.     Ms. Bryant was not properly paid for her time. Any time Ms. Bryant worked less than forty hours in a week, she received less than her weekly wage.

45.     Ms. Bryant typically worked eight-and-a-half hours per day, five days a week. She would always work through her lunch break, but the time was deducted from her hours worked anyway. She never received overtime pay.

46.     Ms. Bryant received two pay checks: one for her salaried work and one for her piece-meal work, both reported on a W-2 and paid through payroll.

47.     In or about January 2016, Defendants unilaterally began classifying Ms. Bryant as an independent contractor for her piece-meal work from home, reporting the income on a 1099.

48.     Ms. Bryant immediately contacted Swarup Saha, owner and President of Omni. She also notified Defendants' Administrative Director of Operations, Heather Perez. She objected to being classified as an independent contractor, and at the same time, she also raised concerns about not being paid her full salary whenever she worked less than forty hours in a week.

49.     Ms. Bryant raised the issues regarding her pay to Mr. Saha and Ms. Perez multiple times.

50.     Defendants refused to make any changes to their payment policies. Instead, Defendants began disciplining Ms. Bryant for false and/or fabricated reasons.

51.     On or about February 18, 2016, Ms. Bryant sent an email to Mr. Saha and Ms. Perez once again raising issues regarding her pay. She raised issues regarding the deduction of hours from her pay despite being a salaried employee and having some of her pay reported on a 1099 without notice or authorization.

52.     In response, Defendants terminated Ms. Bryant's employment.

**Laura Gonzalez**

53.     Plaintiff Laura Gonzalez was employed by Defendants as the Corporate Human Resources Manager from October 12, 2015 to December 8, 2015.

54.     During that time, Ms. Gonzalez received a salary.

55.     Ms. Gonzalez was not properly paid for her time. Any time Ms. Gonzalez worked less than forty hours in a week, she received less than her weekly wage.

56.     Ms. Gonzalez typically worked in excess of eight hours per day, five days a week. She would always work through her lunch break, but the time was deducted from her hours worked anyway. Regular breaks were also deducted from her hours. She complained about the practice to Human Resources. She never received overtime pay.

**Kayla McTaggert**

57.     Plaintiff Kayla McTaggert was employed by Defendants as an Intake Coordinator and Receptionist and then as a medical biller from April 2014 to July 2015.

58.     Ms. McTaggert received pay based on an hourly rate.

59.     Ms. McTaggert often worked through her lunch breaks.

13

60.     Nonetheless, Ms. McTaggert always had thirty minutes deducted from her pay every day.

61.     Ms. McTaggert often worked in excess of forty hours per week. If that time was not pre-approved Defendants would not compensate her for that time *at all*.

**Katie MacInnis**

62.     Plaintiff Katie MacInnis was employed by Defendants in their Billing Department from May 11, 2015 to December 29, 2015.

63.     Ms. MacInnis received pay based on an hourly rate.

64.     Ms. MacInnis often worked through her lunch breaks.

65.     Nonetheless, Ms. MacInnis always had thirty minutes deducted from her pay every day.

66.     Ms. MacInnis often worked in excess of forty hours per week. If that time was not pre-approved Defendants would not compensate her for that time *at all*.

**Leslie Tindall**

67.     Plaintiff Leslie Tindall who was employed by Defendants from November 2012 through January or February 2016. She was initially hired as a Tracker and eventually became Assistant Administrator.

68.     Ms. Tindall received pay based on an hourly rate.

69.     Ms. Tindall often worked through her lunch breaks.

70.     Nonetheless, Ms. Tindall always had thirty minutes deducted from her lunch every day.

71.     Ms. Tindall often worked in excess of forty hours per week. If that time was not pre-approved Defendants would not compensate her for that time ***at all***.

72.     These pay practices were applied to Ms. Tindall even though Ms. Tindall herself was responsible for maintaining and processing payroll records. Ms. Tindall simply did as she was directed by Defendants' managers and owner.

**Susan Wisniewski**

73.     Plaintiff Susan Wisniewski was employed by Defendants as a QA Nurse and Director or Nursing from 2012 until August 2016.

74.     During that time, Ms. Wisniewski received a salary.

75.     Ms. Wisniewski was not properly paid for her time. Any time Ms. Wisniewski worked less than forty hours in a week, she received less than her weekly wage.

76.     Ms. Wisniewski typically worked in excess of eight hours per day, five days a week. She would always work through her lunch break, but the time was deducted from her hours worked anyway. Regular breaks were also deducted

from her hours. She complained about the practice to Human Resources. She never received overtime pay.

**Irene Langus**

77.    Plaintiff Irene Langus was employed by Defendants as an Intake Coordinator from September 2011 through June 2015 but left the company for around six months in or about 2013 before returning.

78.    Ms. Langus received pay based on an hourly rate.

79.    Ms. Langus often worked through her lunch breaks.

80.    Nonetheless, Ms. Langus always had thirty minutes deducted from her pay every day.

81.    Ms. Langus often worked in excess of forty hours per week. If that time was not pre-approved Defendants would not compensate her for that time *at all*.

82.    Ms. Langus was also occasionally made to work on the weekend for a flat rate of $20 even though she usually worked full days. Defendants did not have Ms. Langus track her hours on the weekend.

## CLASS AND COLLECTIVE ACTION

83.    Plaintiffs incorporate by reference all preceding paragraphs.

84.    Count I and Count II are brought as collective actions under the FLSA, 29 U.S.C. §216(b). Count I is a Collective made up of all those Hourly

Workers employed by Defendants and thereby deprived of overtime pay and who shall elect to opt-in. Count II is a Collective made up of all those Salaried Workers employed by Defendants and thereby deprived of overtime pay and who shall elect to opt-in.

85.     A copy of Plaintiffs' consent to bring their claims for less than time and a half overtime wages under the FLSA as a representative action is attached hereto as Exhibit A.

86.     The representatives and those similarly situated have been equally affected by Defendants' failure to pay overtime pay.

87.     Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

88.     The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

89.     The representatives, those similarly situated, and Defendants have a commonality of interest in the subject matter and remedy sought.

90.     The representatives are able to fairly and adequately represent and protect the interests of those similarly situated.

91.     If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to those similarly situated, Defendants, and the resources of the Court.

92.     A collective action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**COLLECTIVE ACTION**
**Failure to Pay Overtime Wages to Hourly Workers**
(*Plaintiffs McTaggert, MacInnis, Tindall, Langas, and opt-ins against all Defendants*)

93.     Plaintiffs incorporate by reference all preceding paragraphs.

94.     At all times relevant to this action, Plaintiffs were employees of Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

95.     At all times relevant to this action, Defendants were the employer(s) of Plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

96.     Defendants intentionally deducted time from Plaintiffs' pay for breaks that did not qualify as "bona fide lunch breaks" under 29 C.F.R. § 785.19.

97.     Defendants intentionally deducted time from Plaintiffs' pay by combining rest periods in violation of 29 C.F.R. § 785.19.

18

98.     Defendants intentionally failed to compensate Plaintiffs for ***any*** time worked in excess of forty hours per week unless it was pre-approved.

99.     In violation of the Fair Labor Standards Act, Defendant failed to pay Plaintiffs at a rate of time-and-a-half for all hours worked in excess of forty in any given work week.

100.    As the unpaid time would have resulted in Plaintiffs being compensated for more than forty hours a week, the unpaid time should be paid at Plaintiff's hourly rate times one and a half.

101.    Defendants knowingly, intentionally and willfully failed to pay Plaintiffs at a rate of time-and-a-half for all hours worked in excess of forty in any given work week, as evidenced by the experiences of the named Plaintiffs and opt-ins.

102.    Defendants have a pattern and practice of failing to pay at a rate of time-and-a-half for all hours worked in excess of forty in any given work week for all of its employees, as evidenced by the experiences of the named Plaintiffs and opt-ins.

WHEREFORE, Plaintiffs are entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**COLLECTIVE ACTION**
**Failure to Pay at Overtime Wages to Salaried Workers**
(*Plaintiffs Bryant, Gonzalez, Wisniewski, and opt-ins against all Defendants*)

103.         Plaintiffs incorporate by reference all preceding paragraphs.

104.   At all times relevant to this action, Plaintiffs were employees of Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

105. At all times relevant to this action, Defendants were the employer(s) of Plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

106.   Defendants intentionally deducted time from Plaintiffs' pay for breaks that did not qualify as "bona fide lunch breaks" under 29 C.F.R. § 785.19.

107.         Defendants intentionally deducted time from Plaintiffs' pay by combining rest periods in violation of 29 C.F.R. § 785.19.

108.     Defendants intentionally failed to compensate Plaintiffs at their salaried rate whenever they worked less than forty hours in a given work week.

109. Defendants intentionally failed to compensate Plaintiffs for ***any*** time worked in excess of forty hours per week unless it was pre-approved.

110. In violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, Defendants made illegal deductions from Plaintiffs' salaries and failed to pay Plaintiffs at the federal overtime rate for overtime hours worked.

111. Because Plaintiffs received no overtime pay, they are entitled to payment at times and a half an effective hourly rate.

112. Defendants knowingly, intentionally and willfully failed to pay Plaintiffs at overtime rates of time and half for all hours worked over 40.

WHEREFORE, Plaintiffs are entitled to an award of damages, including but not limited to, back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs **KRYSTAL BRYANT**, **LAURA GONZALEZ**, **KAYLA MCTAGGERT**, **KATIE MACINNIS**, **LESLIE TINDALL**, **SUSAN WISNIEWSKI**, and **IRENE LANGAS**, and on behalf of other persons similarly situated, known and unknown, request that this Court enter the following relief:

   a. permission for individuals throughout the States of Michigan and Ohio who are currently employed or were employed by Defendants as Hourly Workers, and have not been paid overtime (time and a half) for hours

greater than forty (40) worked in a week, to opt-in to this action, pursuant to § 216(b) of the FLSA;

b.  permission for individuals throughout the States of Michigan and Ohio who are currently employed or were employed by Defendants as Salary Workers, and have not been paid overtime (time and a half) for hours greater than forty (40) worked in a week after having illegal deductions made from their pay, to opt-in to this action, pursuant to § 216(b) of the FLSA;

c.  liquidated and multiple damages as allowed by law, including double damages under the FLSA;

d.  compensatory damages and punitive damages;

e.  an injunction prohibiting Defendants from further violations of the law as described here;

f.  post-judgment assignment of attorney's fees, costs, and interest; and

g.  any other relief to which Plaintiffs may be entitled.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:   /s/Adam M. Taub

Bruce A. Miller (P17746)
Richard G. Mack Jr. (P58657)
Adam M. Taub (P78334)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
richardmack@millercohen.com
adamtaub@millercohen.com

Dated: September 21, 2017

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**KRYSTAL BRYANT**, **LAURA GONZALEZ**,
**KAYLA MCTAGGERT**, **KATIE MACINNIS**,   Case No. 2:16-cv-12639
**LESLIE TINDALL**, **SUSAN WISNIEWSKI**,
and **IRENE LANGAS**,

               Plaintiffs,                District Judge
v                             Hon. Avern Cohn

**OMNI HEALTHCARE MANAGEMENT**
**CORP.**, **OMNI HOME CARE, INC.**,      Magistrate Judge
**OMNI HOME CARE OF OHIO, INC.**,    Hon. Elizabeth A. Stafford
**SWARUP SAHA**, and **RESHMI SAHA**
Jointly and Severally,

               Defendants.

---

| **MILLER COHEN, P.L.C.** | **GASIOREK, MORGAN, GRECO,** |
|---|---|
| Bruce A. Miller (P17746) | **MCCAULEY & KOTZIAN, P.C.** |
| Richard G. Mack Jr. (P58657) | David F. Greco (P53523) |
| Adam M. Taub (P78334) | Ahmad A. Chehab (P75560) |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 600 W. Lafayette Blvd., 4th Floor | 30500 Northwestern Highway, #425 |
| Detroit, MI  48226-0840 | Farmington Hills, MI 48334 |
| (313) 964-4454 Phone | (248) 865-0001 Phone |
| (313) 964-4490 Fax | (248) 865-0002 Fax |
| richardmack@millercohen.com | dgreco@gmgmklaw.com |
| adamtaub@millercohen.com | achehab@gmgmklaw.com |

---

## <u>DEMAND FOR TRIAL BY JURY</u>

     **NOW COME** Plaintiffs, **KRYSTAL BRYANT**, **LAURA GONZALEZ**,

**KAYLA MCTAGGERT**, **KATIE MACINNIS**, **LESLIE TINDALL**, **SUSAN**

**WISNIEWSKI**, and **IRENE LANGAS**, on behalf of themselves and all similarly

situated persons, known or unknown, by and through their attorneys, **MILLER COHEN, P.L.C.**, and hereby demand for a trial by jury, for all issues so triable.

                                Respectfully submitted,

                                **MILLER COHEN, P.L.C.**

                        By:     /s/Adam M. Taub
                                Bruce A. Miller (P17746)
                                Richard G. Mack Jr. (P58657)
                                Adam M. Taub (P78334)
                                *Attorneys for Plaintiff*
                                600 W. Lafayette Blvd., 4th Floor
                                Detroit, MI  48226
                                (313) 964-4454 Phone
                                (313) 964-4490 Fax
                                richardmack@millercohen.com
                                adamtaub@millercohen.com

Dated: September 21, 2017

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**KRYSTAL BRYANT**, **LAURA GONZALEZ**,
**KAYLA MCTAGGERT**, **KATIE MACINNIS**,   Case No. 2:16-cv-12639
**LESLIE TINDALL**, **SUSAN WISNIEWSKI**,
and **IRENE LANGAS**,

        Plaintiffs,                   District Judge
v                             Hon. Avern Cohn

**OMNI HEALTHCARE MANAGEMENT
CORP.**, **OMNI HOME CARE, INC.**,        Magistrate Judge
**OMNI HOME CARE OF OHIO, INC.**,     Hon. Elizabeth A. Stafford
**SWARUP SAHA**, and **RESHMI SAHA**
Jointly and Severally,

        Defendants.

| **MILLER COHEN, P.L.C.** | **GASIOREK, MORGAN, GRECO,** |
|---|---|
| Bruce A. Miller (P17746) | **MCCAULEY & KOTZIAN, P.C.** |
| Richard G. Mack Jr. (P58657) | David F. Greco (P53523) |
| Adam M. Taub (P78334) | Ahmad A. Chehab (P75560) |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 600 W. Lafayette Blvd., 4th Floor | 30500 Northwestern Highway, #425 |
| Detroit, MI  48226-0840 | Farmington Hills, MI 48334 |
| (313) 964-4454 Phone | (248) 865-0001 Phone |
| (313) 964-4490 Fax | (248) 865-0002 Fax |
| richardmack@millercohen.com | dgreco@gmgmklaw.com |
| adamtaub@millercohen.com | achehab@gmgmklaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on *September 21, 2017*, the foregoing document

(**AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**) was electronically

filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:   /s/Adam M. Taub
Bruce A. Miller (P17746)
Richard G. Mack Jr. (P58657)
Adam M. Taub (P78334)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
richardmack@millercohen.com
adamtaub@millercohen.com

Dated: September 21, 2017

2