UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KRYSTAL BRYANT**,
LAURA GONZALEZ, KAYLA MCTAGGERT,
KATIE MACINNIS, LESLIE TINDALL,
SUSAN WISNIEWSKI, and IRENE LANGAS

      Plaintiffs,

vs.

**OMNI HEALTH CARE MANAGEMENT CORP.**,
OMNI HOME CARE, INC., OMNI HOME
CARE OF OHIO, INC., SWARUP SAHA
and RESHMI SAHA, Jointly and Severally,

      Defendants.

| |
|---|
| Case No:  16-12639<br>Hon:  Avern Cohn<br>Mag. Elizabeth A. Stafford |

| | |
|---|---|
| **GASIOREK, MORGAN, GRECO**<br>**MCCAULEY & KOTZIAN, P.C.**<br>**DAVID F. GRECO (P53523)**<br>**AHMAD A. CHEHAB (P75560)**<br>*Attorneys for Defendants*<br>30500 Northwestern Highway, #425<br>Farmington Hills, MI  48334<br>(248) 865-0001; (248) 865-0002 (Fax)<br>dgreco@gmgmklaw.com<br>achehab@gmgmklaw.com | **MILLER COHEN, PLC**<br>**BRUCE A. MILLER (P17746)**<br>**RICHARD G. MACK JR. (P58657)**<br>**ADAM M. TAUB (P78334)**<br>*Attorneys for Plaintiffs*<br>600 W. Lafayette Blvd., 4th Floor<br>Detroit, MI  48226<br>(313) 964-4454; (313) 964-4490<br>brucemiller@millercohen.com<br>richardmack@millercohen.com<br>adamtaub@millercohen.com |

## <u>DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND</u> <u>AFFIRMATIVE DEFENSES</u>

      NOW COME the DEFENDANTS, OMNI HEALTH CARE MANAGEMENT

CORP., OMNI HOME CARE, INC., OMNI HOME CARE OF OHIO, INC.,

SWARUP SAHA and RESHMI SAHA, by and through their attorneys, Gasiorek,

Morgan, Greco, McCauley & Kotzian, P.C., and for their Answer to the Plaintiffs' Complaint, state as follows:

## **PARTIES**

1.      Plaintiff Krystal Bryant is a resident of Garden City, Michigan, who was employed by Defendants as a Quality Assistant Nurse, Director of Nursing, and Director of Clinical Operations from December 2013 until February 23, 2016.

**ANSWER:**    Defendants admit that for certain periods of time, Plaintiff, Krystal Bryant ("Bryant") performed work for and/or was employed by Defendant, Omni Health Care Management Corp. and/or Omni Home Care, Inc. as an independent contractor and as an employee, at various times.  Defendants deny that she was employed by any of the other co-Defendants.  As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

2.      Plaintiff Laura Gonzalez is a resident of Commerce Township, Michigan, who was employed by Defendants as the Corporate Human Resources Manager from October 12, 2015 to December 8, 2015.

**ANSWER:**    Defendants admit that for certain periods of time, Plaintiff, Laura Gonzalez ("Gonzalez") performed work for and/or was employed by Defendant, Omni Health Care Management Corp. as a Corporate Human Resources Manager.  Defendants deny that she was employed by any of the other co-

Defendants.  As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

3.      Plaintiff Kayla McTaggert is a resident of Taylor, Michigan, who was employed by Defendants as an Intake Coordinator and Receptionist and then Medical Biller from April 2014 to July 2015.

**ANSWER:**    Defendants admit that for certain periods of time, Plaintiff, Kayla McTaggert ("McTaggert") performed work for and/or was employed by Defendant, Omni Home Care, Inc. as a receptionist and as an assistant in medical billing.  Defendants deny that she was employed by any of the other co-Defendants.  As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

4.      Plaintiff Katie MacInnis is a resident of Farmington Hills, Michigan, who was employed by Defendants in their Billing Department from May 11, 2015 to December 29, 2015.

**ANSWER:**    Defendants admit that for certain periods of time, Plaintiff, Katie MacInnis ("MacInnis") performed work for and/or was employed by Defendant, Omni Home Care, Inc. in the billing department.  Defendants deny that she was employed by any of the other co-Defendants.  As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack

3

sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

5.     Plaintiff Leslie Tindall is a resident of Livonia, Michigan, who was employed by Defendants from November 2012 through January or February 2016.  She was initially hired as a Tracker and eventually became Assistant Administrator.

**ANSWER:**     Defendants admit that for certain periods of time, Plaintiff, Leslie Tindall, performed work for and/or was employed by Defendants Omni Home Care, Inc. and/or Omni Healthcare Management Corp.  Defendants deny that she was employed by any other co-Defendants.  As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

6.     Plaintiff Susan Wisniewski is a resident of Wyandotte, Michigan, who was employed by Defendants as a QA Nurse and Director of Nursing from 2012 until August 2016.

**ANSWER:**     Defendants admit that for certain periods of time, Plaintiff, Susan Wisniewski, performed work for and/or was employed by Defendant Omni Healthcare Management Corp.  Defendants deny that she was employed by any other co-Defendants.  As to the remaining allegations, Defendants neither admit

nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

       7.    Plaintiff Irene Langas is a resident of Novi, Michigan, who was employed by Defendants as an Intake Coordinator from September 2011 through June 2015.

**ANSWER:**  Defendants admit that for certain periods of time, Plaintiff, Irene Langas, performed work for and/or was employed by Defendant Omni Home Care, Inc.  Defendants deny that she was employed by any other co-Defendants. As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

       8.    Defendant Omni Healthcare Management Corp. is a company with its principal place of business in Farmington Hills, Michigan.

**ANSWER:**  No contest.

       9.    Defendant Omni Home Care, Inc. is a company with its principal place of business in Farmington Hills, Michigan.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true. Defendant, Omni Home Care, Inc., is no longer in business as it ceased operation in or around April 2016.

       10.    Defendant Omni Home Care of Ohio, Inc. is a company with its principal place of business in Farmington Hills, Michigan.

**ANSWER:**     Defendants admit that Omni Home Care of Ohio, Inc., has an office in Farmington Hills, Michigan.  However, it also has offices in Ohio and primarily provides services in Ohio.  As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiff to her proofs.

11.   Defendants Omni Healthcare Management Corp., Omni Home Care, Inc., Omni Home Care of Ohio, Inc. are collectively referred to herein as "Omni." Omni were joint employers of Plaintiffs and similarly situated employees because they maintained sufficient control over the essential terms and conditions of their employment, including but not limited to having a common Human Resources Department, employment policies, and management structure.

**ANSWER:**     Defendants deny the allegations for the reason that they are not true.  Defendant further objects to the corporate co-Defendants being referred to herein as a single entity, which they are not.

12.   Defendant Swamp Saha is a resident of Novi, Michigan and, upon information and belief, the owner and President of Omni. At all relevant times Mr. Saha exercised control over Omni's operations and possessed the power to hire and fire employees, determine employee Work terms and conditions, control the corporation's financial affairs and compensation practices (including the policy of denying Plaintiffs and similarly situated

6

employees' wages due under the FLSA), and control significant aspects of the corporation's day-to-day functions.

**ANSWER:**  Defendants admit that Defendant, Swarup Saha is a resident of the City of Novi and was/is the Owner and President of the corporate co-Defendants. Defendants also admit that he had control over and had duties related to being the owner and president of the corporate co-Defendants.  As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

13.    Defendant Reshmi Saha is a resident of Novi, Michigan and, upon information and belief, a co-owner of Omni. At all relevant times Ms. Saha exercised control over Omni's operations and possessed the power to hire and fire employees, determine employee Work terms and conditions, control the corporation's financial affairs and compensation practices (including the policy of denying Plaintiffs and similarly situated employees' wages due under the FLSA), and control significant aspects of the corporation's day-to-day functions.

**ANSWER:**    Defendants admit that Defendant, Reshmi Saha is a resident of the City of Novi, Michigan and that she was/is a part owner Defendants Omni Home Care, Inc. and Omni Healthcare Management Corp.  As to the remaining allegations, Defendants deny them for the reason that they are not true.

7

14.     Plaintiffs Kayla McTaggert and Katie MacInnis, bring this action on their own behalf and on behalf of others similarly situated, including all individuals in the States of Michigan and Ohio who may choose to opt-in to this action, who were employed by Defendants to perform work on an hourly *basis,* and who were deprived of overtime pay under the Fair Labor Standards Act ("FLSA").

**ANSWER:**  Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

15.     Plaintiffs Krystal Bryant and Laura Gonzalez bring this action on their own behalf and on behalf of others similarly situated, including all individuals in the States of Michigan and Ohio who may choose to opt-in to this action, who were employed by Defendants to perform work on a salary basis, and who were deprived of overtime pay under the Fair Labor Standards Act ("FLSA") when Defendants treated them as hourly employees by deducting wages for hours worked less than forty in a week.

**ANSWER:** Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

16.     Similarly situated individuals may choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

**ANSWER:** Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

## JURISDICTION AND VENUE

17.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs bring their claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* and the Family and Medical Leave Act, 29 § 2611 *et seq.*

**ANSWER:**  Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

18.     The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The pendant claims are part of the same case or controversy. They do not substantially predominate. They do not raise novel or complex issues. Therefore, exercise of jurisdiction is proper.

**ANSWER:**  Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

19.     Venue is proper in this Court because Omni obligated itself to the Plaintiffs within Michigan, and Omni's headquarters is located within the

Eastern District of Michigan, Plaintiffs reside within the Eastern District of Michigan, and, upon information and belief, Defendants Swarup Saha and Reshmi Saha reside within the Eastern District of Michigan.

**ANSWER:**  Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

## STATEMENT OF FACTS

20.   Omni is a Medicare certified home health agency that provides a wide range of nursing care and therapy solutions, with services available year-round including holidays.

**ANSWER:**  Defendants admit the allegations with respect to Omni Home Care of Ohio, Inc. and Omni Home Care, Inc. (when it was in business).  As to the remaining allegations, Defendants deny them for the reason that they are not true.

21.   To provide those services, Defendants employ nurses **and** administrative staff who are paid on an hourly basis ("Hourly Workers").

**ANSWER:** Defendants admit the allegations.  However, to the extent that the allegations apply to the individually named Defendants, Swarup Saha and Reshmi Saha, the Defendants deny the allegations.

22.   Defendants also employ managerial workers who are paid on a salary basis ("Salaried Workers").

**ANSWER:** Defendants admit the allegations.  However, salaried managerial workers are/were paid on an hourly basis for the first 90 days of their employment (or re-employment) with the corporate co-Defendants.  However, to the extent that the allegations apply to the individually named Defendants, Swarup Saha and Reshmi Saha, the Defendants deny the allegations.

23.  Defendants have a policy of tracking the time of all of its employees.

**ANSWER:**  Defendants admit the allegations.

24.  This includes requiring employees to track their breaks.

**ANSWER:**  Defendants admit the allegations.

25.  Most of Defendants' employees work through their lunch breaks.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

26.  Nonetheless Defendants' policy is to ***always*** deduct thirty minutes from ***all*** employees' pay per day regardless of whether employees actually clocked in and out for lunch or whether employees actually were given a full thirty minute period in which they performed no work.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

27.  Defendants also have a policy of combining breaks that last under thirty minutes to total thirty or more minutes in order to characterize these breaks as unpaid "lunch breaks."

11

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.  By way of further answer, rather than take a 30 minute lunch break, Defendants are aware that some employees choose to take two 15 minute breaks.

28.    Furthermore, Defendants have a policy for not paying for *any* work in excess of forty hours in any work week unless the time is pre-approved by Defendants.

**ANSWER:**  Defendants admit that they have a policy that overtime needs to be preapproved.  As to the remaining allegations, Defendants deny them for the reason that they are not true.

29.    For Salaried Workers, these same policies are used to determine the actual number of hours worked. If the actual number of hours worked are less than 40 in any given week, Salaried Workers have their weekly wages reduced based on an effective hourly rate determined by dividing their normal salaried weekly rate by forty hours.

**ANSWER:**    Defendants deny the allegations for the reason that they are not true.

30.    Defendants had a policy of requiring Salaried Workers to work at least forty hours per week, but sometimes, Salaried Workers did not work at least forty hours in a week,

**ANSWER:** Upon information and belief, admitted.

31.    Salaried Workers were not paid additional monies on top of their normal salaried weekly rate if they worked in excess of forty hours in any given week.

**ANSWER:**  Upon information and belief, and generally, admitted.  However, there were/are several situations where salaried employees have been paid compensation in addition to their normal salaries.

32.    Plaintiffs notified Defendants that these policies violate the Fair Labor Standards Act, but Defendants did not modify ***any*** of these policies.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

33.    On information and belief, Defendants did not keep accurate records of the hours of the lunch breaks deducted from the employees' hours.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

34.    On information and belief, Defendants followed, and continues to follow, the practices described above.

**ANSWER:**  Defendants admit, as indicated above, that they have lawful employment policies that they do continue to follow.  By way of further answer, the Defendants neither admit nor deny the allegations in this

paragraph for the reason that it is unclear and ambiguous and the Defendants continue to rely upon responses to previous allegations.

35.    Defendants failed to pay workers their full wage, and failed to pay for all hours worked, resulting in wages that were not paid at time and a half for hours worked over forty in a week,

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

36.    For certain times and job assignments, Defendants did not pay Plaintiffs at all.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

### Krystal Bryant

37.    Plaintiff Krystal Bryant began working at Omni in in or about December 2013 as a Quality Assurance Nurse.

**ANSWER:** Upon information and belief, Defendants admit the allegations.

38.    For this work, Ms. Bryant received a salary.

**ANSWER:** Defendants admit the allegations.  However, during the first 90 days of her employment she was paid on an hourly basis.

39.    In or about June 2014, Ms. Bryant left Omni as a full-time employee but began doing work as an independent contractor and was paid on a piece-meal basis.

**ANSWER:** Upon information and belief, Defendants admit the allegations.

40.   In or about May 2015, Ms. Bryant was re-hired as an employee by Omni as a Quality Assurance Nurse. She *was* paid a salary for that work.

**ANSWER:** Defendants admit the allegations. However, during the first 90 days of her employment she was paid on an hourly basis.

41.   Upon her re-hire, Ms. Bryant continued doing the work she had performed as an independent contractor from home outside of her normal work hours. Defendants continued paying Ms. Bryant a piece-meal rate for this work but began reporting Ms. Bryant's wages on a W-2 instead of a 1099.

**ANSWER:** Upon information and belief, Defendants deny the allegations for the reason that they are not true..

42.   In or about October 2015, Ms. Bryant was promoted to the Director of Nursing and Director of Clinical Operations.

**ANSWER:** Defendants admit the allegations.

43.   She continued receiving a salary and managed work for all of Omni.

**ANSWER:** Defendants admit that she received a salary.  As to the remaining allegations, Defendants neither admit nor deny them for the reason that they

lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs

44. Ms. Bryant was not properly paid for her time. Any time Ms. Bryant worked less than forty hours in a week, she received less than her weekly wage.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

45. Ms. Bryant typically worked eight-and-a-half hours per day, five days a week. She would always work through her lunch break, but the time was deducted from her hours worked anyway. She never received overtime pay.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

46. Ms. Bryant received two pay checks: one for her salaried work and one for her piece-meal work, both reported on a W-2 and paid through payroll.

**ANSWER:** Upon information and belief, Defendants deny the allegations.

47. In or about January 2016, Defendants unilaterally began classifying Ms. Bryant as an independent contractor for her piece-meal work from home, reporting the income on a 1099.

16

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

48.   Ms. Bryant immediately contacted Swamp Saha, owner and President of Omni. She also notified Defendants' Administrative Director of Operations, Heather Perez. She objected to being classified as an independent contractor, and at the same time, she also raised concerns about not being paid her full salary whenever she worked less than forty hours in a week.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

49.   Ms. Bryant raised the issues regarding her pay to Mr. Saha and Ms. Perez multiple times.

**ANSWER:**   Defendants admit that Ms. Bryant did discuss her compensation with Mr. Saha and Ms. Perez.   As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiff to her proofs.

50.   Defendants refused to make any changes to their payment policies. Instead, Defendants began disciplining Ms. Bryant for false and for fabricated reasons.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

51.     On or about February 18, 2016, Ms. Bryant sent an email to Mr. Saha and Ms. Perez once again raising issues regarding her pay. She raised issues regarding the deduction of hours from her pay despite being a salaried employee and having some of her pay reported on a 1099 without notice or authorization.

**ANSWER:** Defendants admit that Ms. Bryant did send an email on or about February 18th, 2016 regarding certain work issues.  As to the remaining allegations, the Defendants neither admit nor deny them for the reason that the email/document speaks for itself and therefore, leave Plaintiff to her proofs.

52.     In response, Defendants terminated Ms. Bryant's employment.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

### Laura Gonzalez

53.     Plaintiff Laura Gonzalez was employed by Defendants as the Corporate Human Resources Manager from October 12, 2015 to December 8, 2015.

**ANSWER:** Defendants admit that for certain periods of time, Plaintiff, Laura Gonzalez ("Gonzalez") performed work for and/or was employed by Defendant,

18

Omni Health Care Management Corp. as a Corporate Human Resources Manager.  Defendants deny that she was employed by any of the other co-Defendants.

54.    During that time, Ms. Gonzalez received a salary.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

55.    Ms. Gonzalez was not properly paid for her time. Any time Ms. Gonzalez worked less than forty hours in a week, she received less than her weekly wage.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

56.    Ms. Gonzalez typically worked in excess of eight hours per day, five days a week. She would always work through her lunch break, but the time was deducted from her hours worked anyway. Regular breaks were also deducted from her hours. She complained about the practice to Human Resources. She never received overtime pay.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

### Kayla McTaggert

57.    Plaintiff Kayla McTaggert was employed by Defendants as an Intake Coordinator and Receptionist and then as a medical biller from April 2014 to July 2015.

19

**ANSWER:**   Defendants admit that for certain periods of time, Plaintiff, Kayla McTaggert ("McTaggert") performed work for and/or was employed by Defendant, Omni Home Care, Inc. as a receptionist and as an assistant in medical billing.  Defendants deny that she was employed by any of the other co-Defendants.  As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

58.   Ms. McTaggert received pay based on an hourly rate.

**ANSWER:**  Defendants admit the allegations.

59.   Ms. McTaggert often worked through her lunch breaks.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

60.   Nonetheless, Ms. McTaggert always had thirty minutes deducted from her pay every day.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

61.   Ms. McTaggert often worked in excess of forty hours per week. If that time was not pre-approved Defendants would not compensate her for that time ***at all.***

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

## **Katie MacInnis**

62.   Plaintiff Katie MacInnis was employed by Defendants in their Billing Department from May 11, 2015 to December 29, 2015.

**ANSWER**:   Defendants admit that for certain periods of time, Plaintiff, Katie MacInnis ("MacInnis") performed work for and/or was employed by Defendant, Omni Home Care, Inc. in the billing department.  Defendants deny that she was employed by any of the other co-Defendants.

63.   Ms. MacInnis received pay based on an hourly rate.

**ANSWER**:  Defendants admit the allegations.

64.   Ms. MacInnis often worked through her lunch breaks.

**ANSWER**: Defendants deny the allegations for the reason that they are not true.

65.   Nonetheless, Ms. MacInnis always had thirty minutes deducted from her pay every day.

**ANSWER***: Defendants deny the allegations for the reason that they are not true.

66.   Ms. MacInnis often worked in excess of forty hours per week. If that time was not pre-approved Defendants would not compensate her for that time *at all.*

**ANSWER**: Defendants deny the allegations for the reason that they are not true.

21

## Leslie Tindall

67.    Plaintiff Leslie Tindall who was employed by Defendants from November 2012 through January or February 2016.  She was initially hired as a Tracker and eventually became Assistant Administrator.

**ANSWER:**  Upon information and belief, admitted.

68.    Ms. Tindall received pay based on an hourly rate.

**ANSWER:**  Upon information and belief, admitted.

69.    Ms. Tindall often worked through her lunch breaks.

**ANSWER:**  Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiff to her proofs.

70.    Nonetheless, Ms. Tindall always had thirty minutes deducted from her lunch every day.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

71.    Ms. Tindall often worked in excess of forty hours per week.  If that time was not pre-approved Defendants would not compensate her for that time *at all*.

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

72.    These pay practices were applied to Ms. Tindall even though Ms. Tindall herself was responsible for maintaining and processing payroll records. Ms. Tindall simply did as she was directed by Defendants' managers and owner.

**ANSWER**:  Defendants deny the allegations for the reason that they are not true.

### Susan Wisniewski

73.    Plaintiff Susan Wisniewski was employed by Defendants as a QA Nurse and Director of Nursing from 2012 until August 2016.

**ANSWER**:  Upon information and belief, admitted.

74.    During that time, Ms. Wisniewski received a salary.

**ANSWER**:  Upon information and belief, admitted.

75.    Ms. Wisniewski was not properly paid for her time.  Any time Ms. Wisniewski worked less than forty hours in a week, she received less than her weekly wage.

**ANSWER**:  Defendants deny the allegations for the reason that they are not true.

76.    Ms. Wisniewski typically worked in excess of eight hours per day, five days a week.  She would always work through her lunch break, but the time was deducted from her hours worked anyway.  Regular breaks were also deducted from her hours.  She complained about the practice to Human Resources.  She never received overtime pay.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

### Irene Langas

77.    Plaintiff Irene Langas was employed by Defendants as an Intake Coordinator from September 2011 through June 2015 but left the company for around six months in or about 2013 before returning.

**ANSWER:** Upon information and belief, admitted.

78.    Ms. Langas received pay based on an hourly rate.

**ANSWER:** Upon information and belief, admitted.

79.    Ms. Langas often worked through her lunch breaks.

**ANSWER:** Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiff to her proofs.

80.    Nonetheless, Ms. Langas always had thirty minutes deducted from her pay every day.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

81.    Ms. Langas often worked in excess of forty hours per week. If that time was not pre-approved Defendants would not compensate her for that time *at all.*

**ANSWER:**  Defendants deny the allegations for the reason that they are not true.

82.    Ms. Langas was also occasionally made to work on the weekend for a flat rate of $20 even though she usually worked full days.  Defendants did not have Ms. Langas track her hours on the weekend.

**ANSWER:**  Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiff to her proofs.

## CLASS AND COLLECTIVE ACTION

83.    Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:**  Defendants repeat and reallege each and every paragraph of this Answer as though fully set forth herein verbatim.

84.    Count I and Count II are brought as collective actions under the FLSA, 29 U.S.C. §216(b). Count I is a Collective made up of all those Hourly Workers employed by Defendants and thereby deprived of overtime pay and who shall elect to opt-in. Count II is a Collective made up of all those Salaried Workers employed by Defendants and thereby deprived of overtime pay and who shall elect to opt-in.

**ANSWER:** Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

85.     A copy of Plaintiffs' consent to bring their claims for less than time and a half overtime wages under the FLSA as a representative action is attached hereto as Exhibit A.

**ANSWER**: Defendants neither admit nor deny the allegations for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

86.     The representatives and those similarly situated have been equally affected by Defendants' failure to pay overtime pay.

**ANSWER**: Defendants deny the allegations for the reason that they are not true.

87.     Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

**ANSWER**: Defendants deny the allegations for the reason that they are not true.

88.     The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

**ANSWER**: Defendants deny the allegations for the reason that they are not true.

89.    The   representatives,   those   similarly   situated,   and
Defendants have a commonality of interest in the subject matter and
remedy sought.

**ANSWER:** Defendants deny the allegations for the reason that they are
not true.

90.    The   representatives   are   able   to   fairly   and   adequately
represent and protect the interests of those similarly situated.

**ANSWER:**  Defendants deny the allegations for the reason that they are not
true.

91.    If individual actions were required to be brought by each injured
or affected member of the class, the result would be a multiplicity of actions
creating a hardship to those similarly situated, Defendants, and the resources
of the Court.

**ANSWER:** Defendants deny the allegations for the reason that they are
not true.

92.    A collective action is an appropriate method for fair and
efficient adjudication of this lawsuit and distribution of the common fund
to which the class is entitled.

**ANSWER:** Defendants deny the allegations for the reason that they are
not true.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**COLLECTIVE ACTION**
**Failure to Pay Overtime Wages to Hourly Workers**
*(Plaintiffs McTaggert, MacInnis, Tindall, Langas,*
*and opt-ins against all Defendants)*

93.    Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:** Defendants repeat and reallege each and every paragraph of this Answer as though fully set forth herein verbatim.

94.    At all times relevant to this action, Plaintiffs were employees of Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

**ANSWER:** Defendants admit that the named Plaintiffs were employed by one of the co-Defendants (Omni Home Care, Inc. and/or Omni Healthcare Management Corp.) for a period of time. The Defendants deny that they were employed by any of the other co-Defendants. As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

95.    At all times relevant to this action, Defendants were the employer(s) of Plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

**ANSWER:** Defendants admit that the named Plaintiffs were employed by one of the co-Defendants (Omni Home Care, Inc. and/or Omni Healthcare Management Corp.) for a period of time. The Defendants deny that they were

employed by any of the other co-Defendants.  As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

96.    Defendants intentionally deducted time from Plaintiffs' pay for breaks that did not qualify as "bona fide lunch breaks" under 29 C.F.R. § 785.19.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

97.    Defendants intentionally deducted time from Plaintiffs' pay by combining rest periods in violation of 29 C.F.R. § 785.19.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

98.    Defendants intentionally failed to compensate Plaintiffs for *any* time worked in excess of forty hours per week unless it was pre-approved.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

99.    In violation of the Fair Labor Standards Act, Defendant failed to pay Plaintiffs at a rate of time-and-a-half for all hours worked in excess of forty in any given work week.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

100. As the unpaid time would have resulted in Plaintiffs being compensated for more than forty hours a week, the unpaid time should be paid at Plaintiff's hourly rate times one and a half.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

101. Defendants knowingly, intentionally and willfully failed to pay Plaintiffs at a rate of time-and-a-half for all hours worked in excess of forty in any given work week, as evidenced by the experiences of the named Plaintiffs and opt-ins.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

102. Defendants have a pattern and practice of failing to pay at a rate of time-and-a-half for all hours worked in excess of forty in any given work week for all of its employees, as evidenced by the experiences of the named Plaintiffs and opt-ins.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the relief requested in the Plaintiff's Complaint in its entirety and enter

judgment in their favor and against Plaintiff, together with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## COLLECTIVE ACTION
## Failure to Pay at Overtime Wages to Salaried Workers
*(Plaintiffs Bryant, Gonzalez, Wisniewski,
and opt-ins against all Defendants)*

103.  Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:** Defendants repeat and reallege each and every paragraph of this Answer as though fully set forth herein verbatim.

104.  At all times relevant to this action, Plaintiffs were employees of Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

**ANSWER:**  Defendants admit that the named Plaintiffs were employed by one of the co-Defendants (Omni Home Care, Inc. and/or Omni Health Care Management Corp.) for certain periods of time.  The Defendants deny that they were employed by any of the other co-Defendants.   As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

105. At all times relevant to this action, Defendants were the employer(s) of Plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

**ANSWER:** Defendants admit that the named Plaintiffs were employed by one of the co-Defendants (Omni Home Care, Inc. and/or Omni Health Care Management Corp.) for certain periods of time. The Defendants deny that they were employed by any of the other co-Defendants. As to the remaining allegations, Defendants neither admit nor deny them for the reason that they lack sufficient information upon which to form a belief and therefore, leave Plaintiffs to their proofs.

106. Defendants intentionally deducted time from Plaintiffs' pay for breaks that did not qualify as "bona fide lunch breaks" under 29 C.F.R. § 785.19.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

107. Defendants intentionally deducted time from Plaintiffs' pay by combining rest periods in violation of 29 C.F.R. § 785.19.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

108. Defendants intentionally failed to compensate Plaintiffs at their salaried rate whenever they worked less than forty hours in a given work week.

**ANSWER:** Defendants deny the allegations for the reason that they are not true.

109. Defendants intentionally failed to compensate Plaintiffs for *any* time worked in excess of forty hours per week unless it was pre-approved.

**ANSWER**: Defendants deny the allegations for the reason that they are not true.

110. In violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq,* Defendants made illegal deductions from Plaintiffs' salaries and failed to pay Plaintiffs at the federal overtime rate for overtime hours worked.

**ANSWER**: Defendants deny the allegations for the reason that they are not true.

111. Because Plaintiffs received no overtime pay, they are entitled to payment at times and a half an effective hourly rate.

**ANSWER**: Defendants deny the allegations for the reason that they are not true.

112. Defendants knowingly, intentionally and willfully failed to pay Plaintiffs at overtime rates of time and half for all hours worked over 40.

**ANSWER**: Defendants deny the allegations for the reason that they are not true.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the relief requested in the Plaintiff's Complaint in its entirety and

enter judgment in their favor and against Plaintiff, together with costs and reasonable attorney fees.

Respectfully submitted,

   */s/  David F. Greco*
DAVID F. GRECO  (P53523)
**GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.**
*Attorneys for Defendants*
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgreco@gmgmklaw.com

Date:  September 29, 2017

## DEFENDANTS' AFFIRMATIVE DEFENSES

NOW COME the DEFENDANTS, OMNI HEALTH CARE MANAGEMENT CORP., OMNI HOME CARE, INC., OMNI HOME CARE OF OHIO, INC., SWARUP SAHA and RESHMI SAHA, by and through their attorneys, Gasiorek, Morgan, Greco, McCauley & Kotzian, P.C., and for their Affirmative Defenses, state as follows:

1.     Plaintiffs fail to allege claims upon which relief can be granted.

2.     Plaintiffs' Complaint is not well grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and has been filed for an improper purpose.

3.     This case may not be maintained as a collective action because Plaintiff cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) and other relevant legal authority. Defendant specifically maintains that Plaintiffs pleadings fail to meet the requirements necessary to justify a collective action or the issuance of notice to putative collective action members.

4.     Defendants' actions with respect to Plaintiffs and/or any other allegedly similarly situated individuals and/or putative collective members were taken in good faith with reasonable grounds to believe such conduct comported with applicable laws and/or interpretations of same.

5.     Defendants' actions with respect to Plaintiffs and/or any other allegedly similarly situated individuals and/or putative collective members were taken in good faith in conformity with and in reliance on a written administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practice or policy, pursuant to 29 U.S.C. § 259.

6.     Defendants' actions with respect to Plaintiff and/or any other allegedly similarly situated individuals and/or putative collective members were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA pursuant to 29 U.S.C. § 260.

7.    Some or all of Plaintiffs' claims and/or any other allegedly similarly situated individuals' claims and/or putative collective members' claims are barred in whole or in part by the applicable statute of limitations.

8.    Plaintiffs and/or any other allegedly similarly situated individuals and/or the putative collective he purports to represent are barred from relief to the extent they failed to mitigate their damages.

9.    Part or all of any time for which Plaintiffs allege they and/or purportedly similarly situated individuals and/or putative collective members should be compensated is properly deemed preliminary or postliminary time pursuant to 29 U.S.C. § 254(a), and is therefore not compensable.

10.   Plaintiffs' claims and/or any other allegedly similarly situated individuals' claims and/or putative collective members' claims are barred to the extent they were exempt from the overtime requirements of federal law.

11.   Plaintiffs' claims and/or any other allegedly similarly situated individuals' claims and/or putative collective members' claims are barred, in whole or in part, by the *de minimis* doctrine. If, in fact, Defendants failed to pay any non-exempt employee for work in excess of forty hours in a workweek, the uncompensated time is *de minimis* and is therefore not recoverable.

36

12.     Plaintiffs' claims and/or any other allegedly similarly situated individuals' claims and/or putative collective members' claims for liquidated damages are barred, in whole or in part, by statutory exclusions, exceptions, set-offs, or credits under the FLSA.

13.     The Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendants did not have actual or constructive knowledge of any purported overtime allegedly worked by Plaintiff and/or any other allegedly similarly situated individuals and/or putative collective members. *See White v. Baptist Mem'l Health Care Corp.,* 699 F.3d 869, 876 (6th Cir. 2012) *cert. denied,* 134 S. Ct. 296 (2013) ("Under the FLSA, if an employer establishes a reasonable process for an employee to report uncompensated work time the employer is not liable for non-payment if the employee fails to follow the established process.").

14.     The Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiffs and/or any other allegedly similarly situated individuals and/or putative collective action members failed to report or give notice of the allegations upon which they base their Complaint to their employer and/or failed to avail themselves of their employer's internal procedures, means, or methods relating to violations, grievances, complaints, or disputes.

15.     Subject to proof through discovery, some or all of Plaintiffs claims and/or any other allegedly similarly situated individuals' claims and/or putative collective action members' claims are barred by the doctrines of waiver and/or laches, or barred in whole or in part because such claims have been discharged and/or abandoned.

16.     Subject to proof through discovery, some or all of Plaintiffs claims and/or any other allegedly similarly situated individuals' claims and/or putative collective members' claims are barred by the doctrines of estoppel, *res judicata,* collateral estoppel, quasi-estoppel, and/or equitable estoppel.

17.     Neither Plaintiffs, any other allegedly similarly situated individuals, nor any member of the putative FLSA collective action are entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendant did not willfully, knowingly, or intentionally fail to comply with the overtime provisions of the FLSA.

18.     Even if Plaintiffs and the persons Plaintiffs purport to represent prevail, their damage claims, including their claims for liquidated damages, penalties, and pre judgment and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.

19.     Subject to proof through discovery, Plaintiffs and/or some or all of the allegedly similarly situated individuals and/or some or all of the

38

putative collective action members are not entitled to some or all of the relief sought under the doctrine of consent or because they otherwise fall within a classification of individuals who may not recover under the causes of action alleged.

20.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

21.    Defendants reserve the right to plead additional Affirmative Defenses as discovery proceeds.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the relief requested in the Plaintiff's Complaint in its entirety and enter judgment in their favor and against Plaintiff, together with costs and reasonable attorney fees.

Respectfully submitted,

__/s/  David F. Greco_____
DAVID F. GRECO  (P53523)
**GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.**
*Attorneys for Defendants*
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgreco@gmgmklaw.com

Date:  September 29, 2017

39

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2017, I served Defendants' Answer to Amended Complaint, Affirmative Defenses and this Certificate of Service with the Clerk of the Court using the ECF filing system which will send notification to all parties or their counsel of record.

Dated:  September 29, 2017            /s/ *Karen E. Caza*
                                              Karen E. Caza